## SUPREME COURT.

### ERPSTEIN agt. BERG, KRAHE & ELSRAER.

In an action for the possession of personal property, (furniture,) which was alleged to have been deposited with one of the defendants for sale at retail, and that, after payment of the costs and expenses, the profits were to be equally divided between him and the plaintiff, and that the defendant, after refusing to sign an agreement to that effect with the plaintiff, sold out the furniture in fraud of the plaintiff's rights, to other persons, (defendants,) who purchased and took possession, with full knowledge of the plaintiff's title,

*Held*, that the plaintiff was entitled to an *injunction* to restrain the defendants from interfering with the property, or transferring, or incumbering it pending the action.

*New-York Special Term, Sept.*, 1856.

THE complaint in this action is to recover the possession of certain personal property therein mentioned, and praying the aid of this court by way of injunction, to restrain the defendants from interfering therewith, or transferring or incumbering the same.

On the complaint and affidavit annexed, an injunction was granted, and a motion is now made to vacate it.

In the complaint it is alleged that the plaintiff deposited with the defendant Berg a quantity of cabinet furniture for sale at retail, and that after payment of the cost and expenses, the profits were to be equally shared between them. That about the first of August last, plaintiff called on Berg to sign an agreement to constitute them partners, provided Berg would give security; that Berg declined this, and immediately sold out the furniture to defendant Krahe, who purchased with full knowledge that Berg had no title, and that this was done to cheat the plaintiff out of his property. That defendants Berg and Krahe, put the defendant Elsraer into possession, and that all of the defendants knew of plaintiff's rights.

S. Hirsch & Jno. Anthon, *for defendants.*
J. O. Robinson, *for plaintiff.*

Davies, Justice. It is earnestly contended, on the part of the defendants, that the plaintiff has an adequate remedy at law, and that therefore the equitable powers of this court should not be invoked. The case of *Avery* agt. *Smith*, (2 *Com. p.* 60,) is an authority under the old system of practice, that a party might resort to either a court of law or equity.

But the distinction between courts of law and equity, which so long prevailed in our system of jurisprudence, has been abolished by the Code.

The inquiry is not now whether the relief demanded is according to principles of equity or the common law practice, but simply whether the party is entitled to it (the injunction) by reason of the acts complained of producing an injury to him.

In *Furniss* agt. *Brown*, (8 *How. Prac. Rep.* 59,) it was held, that when the action was for the recovery of the possession of personal property, an injunction under the Code might stand in aid of that action—it appearing that the plaintiff is entitled to it by reason of the injury to him.

I am satisfied, from the affidavits submitted to me, that the

plaintiff was the owner of the furniture in the store of defendant Berg, and that such ownership was well known to both defendants, Berg and Krahe; that the pretended sale from Berg to Krahe was made in fraud of the rights of the plaintiff, and so known to both of said defendants; and that the title of the plaintiff to said furniture has not been divested.

I am therefore of the opinion that the injunction should be retained, until the trial of this cause, in aid of the plaintiff's action, and that the motion to vacate the injunction order should be denied, with $10 costs.